UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ———————————————— x | | |
| In re CENTERLINE HOLDING COMPANY SECURITIES LITIGATION | : | Civil Action No. 08-CV-00505(SAS) |
| | : | |
| ———————————————— | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | MEMORANDUM OF LAW IN SUPPORT |
| | : | OF DAVID GARFINKLE'S MOTION FOR |
| ALL ACTIONS. | : | APPOINTMENT AS LEAD PLAINTIFF |
| | x | AND APPROVAL OF LEAD PLAINTIFF'S |
| ———————————————— | | SELECTION OF LEAD COUNSEL |

Presently pending in this district are six consolidated class action lawsuits (the "Actions")[1] brought on behalf of persons who purchased or otherwise acquired Centerline Holding Company ("Centerline" or the "Company") securities between December 5, 2006 and December 28, 2007 (the "Class Period"). These Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B).

Here, David Garfinkle should be appointed as lead plaintiff because he: (1) timely filed his motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or groups of persons of which he is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* Affidavit of David A. Rosenfeld in Support of David Garfinkle's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Aff."), Ex. A.

In addition, Mr. Garfinkle's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as lead counsel should be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members. *See* Rosenfeld Aff., Ex. C.

---

[1]    On March 3, 2008, the Court entered an Order Consolidating Related Actions (Docket #4).

## I.    FACTUAL BACKGROUND

Defendant Centerline, which maintains its principal executive offices at 625 Madison Avenue, New York, NY 10022, is an investment holding firm. Through its subsidiaries, it operates as a real estate finance and investing company.

On December 28, 2007, the Company issued a press release announcing that: (i) it had completed a securitization of its $2.8 billion tax-exempt affordable housing bond portfolio with Freddie Mac, which will result in one-time charges of $45 million to $55 million in the fourth quarter of 2007; (ii) it had received a $131 million investment from an affiliate of The Related Companies L.P. (the "Related Companies"), that provides the Related Companies – which is owned and controlled by Stephen M. Ross, Chairman of the Board of Centerline and the founder and Chairman of the Related Companies, and Jeff T. Blau, a managing trustee of both Centerline and the Related Companies, – with a dividend at an 11% annual distribution rate; (iii) the Company was repositioning itself as an alternative asset manager; (iv) the Company would be reducing its dividend to $0.60 per share; and (v) the Company would be reducing its 2008 earnings guidance to between $1.00 per share and $1.10 per share.  Following this announcement, shares of Centerline's stock fell $2.57 per share, or more than 25%, to close at $7.70 per share, on very heavy trading volume.

Plaintiff alleges that defendants issued materially false and misleading statements during the Class Period that misrepresented and failed to disclose that: (i) the Company was in the process of disposing of its tax-exempt revenue bond portfolio, which had provided the Company with substantial revenues and enabled it to pay a sizable dividend; (ii) the Company was contemplating a large, related-party transaction that would require the Company to pay 11% interest per year to insiders; and (iii) as a result of the foregoing, defendants' positive statements about the Company's performance and prospects were lacking in any reasonable basis at all relevant times.  As a result, plaintiff and the class have suffered damages.

## II.    ARGUMENT

### A.    Mr. Garfinkle Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on January 18, 2008, on *PR Newswire* in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. B.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Garfinkle meets each of these requirements and should therefore be appointed lead plaintiff.

### 1.    Mr. Garfinkle's Motion Is Timely

The notice published on January 18, 2008 informed class members that the 60-day deadline to move for appointment as lead plaintiff was March 18, 2008. *See* Rosenfeld Aff., Ex. B; 15 U.S.C. §78u-4(a)(3)(A). In addition, Mr. Garfinkle has submitted a sworn certification setting forth his

transactions in Centerline securities during the Class Period and confirming his willingness and ability to serve as lead plaintiff. *See* Rosenfeld Aff., Ex. A. Thus, Mr. Garfinkle has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2. Mr. Garfinkle Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Garfinkle lost more than $27,000 due to defendants' fraud. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, Mr. Garfinkle satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Garfinkle Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Adequacy is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

- 4 -

Mr. Garfinkle satisfies these requirements because, just like all other class members, he purchased Centerline securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby. Thus, Mr. Garfinkle's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

In addition, Mr. Garfinkle is adequate to represent the class because his interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Centerline securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between Mr. Garfinkle and the class. As explained below, Mr. Garfinkle's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Thus, Mr. Garfinkle satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

**B.     The Court Should Approve Mr. Garfinkle's Selection of Coughlin Stoia as Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Garfinkle has selected Coughlin Stoia to serve as lead counsel. *See* Rosenfeld Aff., Ex. C. Coughlin Stoia is one of the nation's leading securities law firms and is regularly appointed as lead counsel by courts around the country and in this district. *See, e.g.*, *Borochoff v. Glaxosmithkline plc*, 246 F.R.D. 201, 205 (S.D.N.Y. 2007) (approving lead plaintiff's selection of Coughlin Stoia as lead counsel). Accordingly, Mr. Garfinkle's selection of counsel should be approved.

### III.    CONCLUSION

For all the foregoing reasons, Mr. Garfinkle respectfully requests that the Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Coughlin Stoia to serve as Lead Counsel.

DATED:  March 18, 2008                          Respectfully submitted,

                                               COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
                                               SAMUEL H. RUDMAN
                                               DAVID A. ROSENFELD


                                                   s/ David A. Rosenfeld
                                               ——————————————————
                                               DAVID A. ROSENFELD

                                               58 South Service Road, Suite 200
                                               Melville, NY  11747
                                               Telephone:  631/367-7100
                                               631/367-1173 (fax)

                                               [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Centerline\BRF00049942.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 18, 2008.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@csgrr.com

- 7 -

Case 1:08-cv-01158-SAS     Document 6     Filed 03/18/2008     Page 9 of 9

# Mailing Information for a Case 1:08-cv-00505-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Alan Ian Ellman**
  aellman@labaton.com

- **Christopher J. Keller**
  ckeller@labaton.com,ElectronicCaseFiling@labaton.com

- **Andrei V. Rado**
  arado@labaton.com

- **Richard A. Rosen**
  rrosen@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)